UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIE ENCAR ARNOLD,<br>    Plaintiff(s),<br>v.<br>THE WHITE HOUSE, EXECUTIVE BRANCH, 46TH PRESIDENT JOE BIDEN,<br>    Defendant(s). | Case No. 2:25-cv-00036-CDS-NJK<br><br>**REPORT AND RECOMMENDATION** |

District courts have the authority to dismiss cases *sua sponte* without notice when the plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988). A complaint should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). "When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend." *Lopez v. Smith*, 203 F.3d 1122, 1127 n.8 (9th Cir. 2000) (en banc).

Plaintiff's complaint is difficult to follow. The factual allegations indicate that she previously sought $10,000,000,000 from the federal government, Docket No. 1-1 at 3, that she

was administered "excessive cruel inhumane tortures," *id.*, that she was "involuntarily dismissed without prejudices," *id.*,[1] and that she is entitled to a settlement conference with President Biden, *id.* at 2. Although unclear, the basis for the case appears to be an allegation that President Biden whispered to Plaintiff, thereby creating some sort of contract. *See id.* at 5; *see also id.* at 10 (alleging that President Biden whispered "sue me" three times through an implanted RFID). Plaintiff seeks the aforementioned settlement conference, $2,700,000 in punitive damages, and to "secure codes of A.I. cure, separate minds from threats." *Id.* at 8 (emphasis omitted). In light of the delusional factual scenario and nonexistent legal interest at issue, Plaintiff's complaint is appropriately dismissed.

Accordingly, the undersigned **RECOMMENDS** that this case be **DISMISSED** with prejudice. The Court also notes that Plaintiff has now filed multiple cases in this courthouse, including the case mentioned above. *See Arnold v. United States*, Case No. 2:24-cv-01856-CDS-NJK (D. Nev.). <u>Continuing to file frivolous cases may result in repercussions for Plaintiff, including entry of a vexatious litigant order by which Plaintiff's access to the Court would be limited</u>.

Dated: January 7, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

### NOTICE

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

---

[1] This may be a reference to the dismissal of another of Plaintiff's cases, though that case was dismissed with prejudice. *See Arnold v. United States*, Case No. 2:24-cv-01856-CDS-NJK, Docket No. 14 (D. Nev. Dec. 23, 2024) (dismissing complaint as delusional).