UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Marie Encar Arnold,<br><br>　　　　　Plaintiff<br><br>v.<br><br>The White House, et al.,<br><br>　　　　　Defendants | Case No. 2:25-cv-00036-CDS-NJK<br><br>**Order Overruling Objection, Adopting the Report and Recommendation of the Magistrate Judge, and Closing Case**<br><br>[ECF Nos. 1, 3, 5] |

　　　Plaintiff Marie Encar Arnold, proceeding pro se, initiated this action on January 7, 2025. ECF No. 1. United States Magistrate Judge Nancy J. Koppe issued a report and recommendation (R&R) that this action be dismissed with prejudice for failing to state a cognizable claim. R&R, ECF No. 3. Arnold filed an objection to the R&R on January 10, 2025. Obj., ECF No. 5. For the reasons set forth herein, I overrule the objection and adopt the R&R in its entirety.

**I.　　Legal Standard**

　　　A party may file specific written objections to the findings and recommendations of a magistrate judge made under Local Rule IB 1-4. 28 U.S.C. § 636(b)(1)(B); Local Rule IB 3-2. Upon the filing of such objections, the district judge must conduct a de novo review of those portions to which specific objections are made. *Id.* The district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); LR IB 3-2(b).

**II.　　Discussion**

　　　A review of Arnold's objection reveals she lodges a general objection to the entire R&R, alleging "improper civil procedures." ECF No. 5 at 2. "Numerous courts have held that a general objection to the entirety of a magistrate judge's report has the same effect as a failure to object." *Alcantara v. McEwen*, 2013 WL 4517861, at *1 (S.D. Cal. Aug. 15, 2013) (collecting cases). To

constitute a specific objection, it must identify the specific finding or recommendation to which the objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. *See Sullivan v. Schriro*, 2006 WL 1516005, at *1–2 (D. Ariz. May 30, 2006). Arnold has failed to object specifically to the R&R's findings. Rather, without authority, she contends that Judge Koppe is in "non-compliance with civil procedures," identifying neither which procedures were not followed nor how any alleged "non-compliance" was erroneous.

Although I need not conduct a do novo review based on Arnold's general objections to the R&R, I nonetheless conducted one here and have determined that Arnold indeed fails to state a cognizable claim. Under 28 U.S.C. § 636, magistrate judges are assigned the responsibility of screening *in forma pauperis* (IFP) complaints to alleviate the burden on the federal judiciary. 28 U.S.C. § 636(b)(1)(A). Section 1915 governs IFP proceedings and directs a court to dismiss a case at any time it determines that the allegation of poverty is untrue or that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from that relief. *Id.* at § 1915(e)(2). Pro se pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

The Federal Rules require dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The court applies the same standard under 28 U.S.C. § 1915 when reviewing the adequacy of a pro se complaint. A properly pled complaint must provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). However, when a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with

directions for curing its deficiencies unless it is clear from the face of the complaint that "the deficiencies could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

As is explained in the R&R, the complaint is very difficult to follow. ECF No. 3 at 1. Arnold seeks $10,000,000,000 in relief, alleges serious claims of "excessive cruel inhumane tortures," asserts she is entitled to a settlement conference with former President Joseph R. Biden, claims to be implanted with some sort of RFID, and is subject to "whisper" threats, amongst other allegations. *Id.* at 1–2, 10. The complaint fails to identify under what statutes Arnold is entitled to the relief she demands, and the filed objection do not clarify what claims she is asserting against which defendants. Unfortunately, based on the allegations in the complaint, it appears Arnold is bringing allegations lodged in delusion and could perhaps be the result of mental health issues. Because no amendment would cure the complaint's deficiencies, granting Arnold leave to amend would be futile, so it was appropriately denied. *See Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990) (holding that a district court does not err in denying leave to amend where the amendment would be futile). As a result, I overrule Arnold's objection and accept Judge Koppe's R&R in full. This action is now dismissed with prejudice.[1]

I reiterate the caution set forth in the R&R about frivolous filings: continuing to file frivolous cases may result in repercussions for Arnold, including entry of a vexatious litigant order which may limit Arnold's access to the court.[2]

---

[1] Because this action is dismissed with prejudice, Arnold's IFP application [ECF No. 1] is denied as moot.
[2] The court notes that Arnold initiated another action in this district on January 21, 2025. *See* Docket No. 2:25-cv-00123-CDS-NJK.

### III. Conclusion

IT IS THEREFORE ORDERED that Arnold's objection to the report and recommendation **[ECF No. 5]** is overruled. The report and recommendation of the magistrate judge **[ECF No. 3] is adopted in full**, therefore Arnold's complaint is dismissed with prejudice.

IT IS FURTHER ORDERED that Arnold's IFP application **[ECF No. 1] is denied as moot.**

The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: January 23, 2025

_____
Cristina D. Silva
United States District Judge